# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| LARRY ALSPACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-CV-421 JVB |
| | ) | |
| TIM HUNTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Larry Alspach, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).

Alspach alleges that he suffered a stroke on or about October 4, 2010, while being housed at the jail following a criminal conviction. He claims that jail staff failed to provide him with any medical treatment for a 96-hour period, instead placing him in isolation. He claims that Nurse Betsey, a nurse at the jail, made the decision that he should be placed in isolation rather than taken to the hospital, and that she did so without first examining him. He does not specifically describe the symptoms he was exhibiting during this period, but it can be plausibly inferred from the complaint that he suffered pain as a result of the delay in medical treatment. (*See* DE 1 at 5.)

To establish liability under the Eighth Amendment, a prisoner must show: (1) he has an objectively serious medical need; and (2) an official acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A delay in providing

medical treatment can constitute deliberate indifference where it causes "prolonged" and "unnecessary" pain. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

Alspach's allegations that he suffered a stroke establish that he had a serious medical need for purposes of the Eighth Amendment. Accordingly to Alspach, Nurse Betsey denied him access to any medical care for 96 hours after he had the stroke and specifically instructed jail staff not to take him to the hospital. He further alleges that she made this decision without examining him. Giving Alspach the inferences to which he is entitled at this stage, he has stated an Eighth Amendment claim against Nurse Betsey.

Alspach also sues Tim Hunter, Acting Sheriff of Miami County, seeking to hold him liable for a policy at the jail under which jail nurses are given the discretion to decide whether an inmate is in need of medical treatment. (DE 1 at 3.) Under *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690-91 (1978), a municipality can be held liable for maintaining an unlawful policy or custom that results in a constitutional violation. However, there is nothing unlawful about the policy Alspach describes. The law permits correctional facilities to divide tasks among their employees, and also encourages non-medical staff to defer to the judgment of medical personnel. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, Alspach has failed to state a claim against Sheriff Hunter.

Alspach also names Rick Ploss, the jail commander, and Brian Raber, a sergeant and shift commander at the jail, but he offers only conclusory allegations about the involvement of these defendants. (*See* DE 1 at 3-4.) He appears to be trying to hold Ploss liable under a *respondeat superior* theory as the official who oversees the jail. There is no general *respondeat*

*superior* liability under 42 U.S.C. § 1983: "public employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. There is nothing in the complaint to indicate that Ploss was personally involved in these events. Furthermore, it is apparent from the complaint that neither Ploss nor Raber are medical professionals. It is also apparent that Nurse Betsey made the decision to put Alspach in isolation rather than send him to the hospital. (DE 1 at 3-4.) Alspach appears to believe that Ploss and Raber, as supervisory jail staff, should have intervened to override Nurse Betsey's decision, but "[a] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ." *Burks*, 555 F.3d at 596. Accordingly, Ploss and Raber will be dismissed as defendants.

For these reasons, the Court:

(1) **GRANTS** Larry Alspach leave to proceed on an Eighth Amendment claim against Nurse Betsey in an individual capacity for compensatory and punitive damages for denying him access to medical care for a 96-hour period following a stroke he suffered on or about October 4, 2010;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Tim Hunter, Rick Ploss, and Brian Raber as defendants;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Betsey; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Betsey respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on December 7, 2010.

                                                  s/ Josesph S. Van Bokkelen
                                                 Joseph S. Van Bokkelen
                                                 United States District Judge
                                                 Hammond Division