UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LARRY ALSPACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-cv-421 |
| | ) |
| BETSY WORDEN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the *pro se* Plaintiff's Motion for Subpoena for Records and Reports. (Docket # 25.) The Plaintiff is apparently seeking a Federal Rule of Civil Procedure 45 subpoena duces tecum to compel a non-party, the records custodian at the Miami County Jail, to provide him with his October 4, 2010, through October 10, 2010, medical records. The Plaintiff's Motion, however, is DENIED.

As a general rule, parties proceeding *in forma pauperis* under 28 U.S.C. § 1915, such as the Plaintiff, are required to bear their own litigation expenses. *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987). The Plaintiff's right to access the courts does not grant him the right to have the defendants or the public pay for the costs of his litigation—"there is no right of subsidized access." *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002).

More specifically, a Rule 45 subpoena must not impose an "undue burden or expense" on the person subject to the subpoena. Fed. R. Civ. P. 45(c)(1); *Tuvalu v. Woodford*, No. CIV

1

S-04-1724 DFL KJM P, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1) and by the court's duty to ensure that a subpoena does not impose undue burden or expense on a person subject to that subpoena."). The law is clear that the Plaintiff cannot shift the cost of obtaining discovery to the Court or to non-parties. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 159-60 (3d. Cir. 1993); *Leadbetter v. City of Fort Wayne*, No. 1:06-CV-285, 2007 WL 2323109, at *2 (N.D. Ind. Aug. 10, 2007); *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)."); *Gregg v. Clerk of U.S. District Ct.*, 160 F.R.D. 653, 654-44 (N.D. Fla. 1995); *Badman v. Stark*, 139 F.R.D. 601, 604-06 (M.D. Pa. 1991).

In the present case, there is no indication that the Plaintiff has made any provision for the cost of his requested discovery and the Plaintiff does not provide an estimate of the volume of his request. To require the Miami County Jail to prepare copies of the Plaintiff's medical records would seemingly, on its face, impose an impermissible shifting of litigation expenses to a non-party and thus run counter to the true tenor of Rule 45. *See Tabron*, 6 F.3d at 159-60; *Leadbetter*, 2007 WL 2323109, at *2; *Smith*, 1996 WL 364770, at *1. Consequently, "[i]t would be a wasteful and frivolous expenditure of the Court's and the Marshals Service's time and resources to issue and serve such subpoenae if [the Plaintiff] has not made provision for his share of those costs beforehand." *Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992).

Therefore, the Plaintiff's Motion (Docket # 25) is DENIED. If, however, the Plaintiff

2

should establish that he has the necessary funds to pay for the costs of the documents he seeks, he may then renew his request, because at that point, the non-party will presumably no longer be subject to the significant expense involved in complying with the subpoena.

SO ORDERED.

Enter for April 15, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge