UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LARRY ALSPACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-421 |
| | ) |
| BETSY WORDEN, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 case advancing an Eighth Amendment claim is *pro se* Plaintiff's Motion for Records and Reports (Docket # 31) and Motion for Extension of Time (Docket # 32). For the following reasons, Plaintiff's motions will be GRANTED.

This is Plaintiff's second request to subpoena the records custodian at the Miami County Jail, a non-party, to provide him with his medical records. (*See* Docket # 25.) His first request, which sought his medical records from October 4, 2010, to October 10, 2010, was denied because Plaintiff, who is proceeding *in forma pauperis* under 28 U.S.C. § 1915, did not provide an estimate of the volume of his request and there was no indication that he had made any provision for the cost of his requested discovery. (Docket # 28.) Of course, "this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)." *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996).

In the instant motion, Plaintiff has narrowed his records request to the period of October 4, 2010, to October 7, 2010, and represents that he will pay for the copies obtained. As a result, the "burden and expense" on the Miami County Jail would likely be *de minimus*. *See* Fed. R. Civ. P.

45(c)(1) ("A party . . . responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Plaintiff explains that he needs these records to respond to Defendant Betsy Worden's pending motion for summary judgment, to verify that he contacted Worden on October 4, 2010, concerning his medical treatment and that she ordered him to be placed in isolation.

Accordingly, Plaintiff's Motion for Records and Reports (Docket # 31) is GRANTED. The Clerk is DIRECTED to provide Plaintiff, together with a copy of this Order, with a signed but otherwise blank subpoena consistent with AO-88B (Subpoena to Produce Documents), and Plaintiff is to complete the subpoena before effecting service. Fed. R. Civ. P. 45(a)(3). Plaintiff may achieve service by sending the completed subpoena to the records custodian at the Miami County Jail by certified mail. Fed. R. Civ. P. 45(b); *see Doe v. Hersemann*, 155 F.R.D. 630, 630 (N.D. Ind. 1994) (stating that when a mail carrier is a non-party more than eighteen years old, certified mail may assure the delivery foreseen by Federal Rule of Civil Procedure 45(b)(1)); *see also Laun v. Laun*, No. 1:06-CV-246, 2007 WL 178607, at *1 n.1 (N.D. Ind. Jan. 19, 2007).

Additionally, in order to allow sufficient time for Plaintiff to serve the subpoena and for the records custodian at Miami County Jail to respond, Plaintiff's motion for extension of time (Docket # 32) to respond to Worden's motion for summary judgment is also GRANTED. Plaintiff shall have up to and including July 15, 2011, to file his response to Worden's summary judgment motion.

SO ORDERED.

Entered this 19th day of May, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge