# United States District Court
# Northern District of Indiana

| | |
|---|---|
| LARRY ALSPACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:10-CV-421 JVB |
| vs. | ) |
| | ) |
| NURSE BETSEY WORDEN, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Larry Alspach, a *pro se* plaintiff, was granted leave to proceed on a claim that Betsy Worden ("Nurse Worden"), a nurse at the Miami County Jail, was deliberately indifferent to his medical needs after he suffered a stroke on October 4, 2010, when she instructed correctional staff to place him in isolation rather than take him to a hospital. (*See* DE 4.) Nurse Worden moves for summary judgment. (DE 21.)

As an initial matter, Nurse Worden originally filed her motion under FED. R. CIV. P. 12(b)(6), but because she relied on documents outside the pleadings, the court converted it into a motion for summary judgment. (DE 23.) In addition to seeking summary judgment on the merits, Nurse Worden also argues that dismissal is appropriate because Alspach failed to adequately plead that he exhausted his administrative remedies. (DE 22 at 6-8.) The court is cognizant that the threshold issue of exhaustion should normally be resolved before the merits. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Here, the court finds the defendant's exhaustion argument unavailing. Because Nurse Worden's argument is based solely on the complaint rather than on any outside evidence, a RULE 12(b)(6) standard would apply. Accepting the allegations in Alspach's complaint as true, he claims that jail officials thwarted

his attempts to file a grievance, which would excuse his failure to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof, and based solely on the complaint Nurse Worden has failed to carry her burden. *Dole*, 438 F.3d at 809. Therefore, the court turns to the merits.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

To establish liability under the Eighth Amendment, a prisoner must show: (1) he had an objectively serious medical need; and (2) an official acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from

occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, the record shows that Nurse Worden is a registered nurse employed by Health Professional Limited. (DE 22, Worden Aff. ¶ 2.) She is currently assigned to the Miami County Jail, and was also working at the jail in October 2010. (*Id.* ¶¶ 2-3.) However, she has submitted evidence showing that she was not working at the jail on October 4, 2010, the date of Alspach's alleged stroke; instead she was out of state attending a conference from October 4, 2010, until October 6, 2010. (*Id.* ¶ 5, Ex. A.) She attests that during this period she had no contact with the jail and did not provide any medical advice or other direction to any jail employees regarding an inmate's medical care. (*Id.* ¶ 6.) She further attests that upon her return to work on October 7, 2010, she saw Alspach at the jail medical facility. (*Id.* ¶ 8.) According to the medical records, he informed her that he thought he suffered a stroke on October 4, 2010. (*Id.*, Ex. B.) He described the symptoms as pain in the center of his chest, spotty vision, dizziness, and tingling. (*Id.*) He reported that these symptoms lasted approximately an hour and a half, after which time he felt better, and stated that he was not currently experiencing any problems. (*Id.*) Nurse Worden took his vital signs and examined him, finding the examination to be normal.[1] (*Id.*)

---

[1] The medical records indicate that Nurse Worden took blood samples from Alspach and sent them for laboratory testing, but it appears this was related to another health condition. (DE 22, Worden Aff. ¶ 5, Ex. B.) The records before the court do not reflect what, if anything, the testing revealed. (*See id.*)

Despite having been given proper notice of the motion and an extension of time to respond, Alspach has not filed a response or come forward with evidence to dispute Nurse Worden's version of events. (*See* DE 24, 33.) Accordingly, the undisputed facts show that Nurse Worden was not working on the date Alspach claims to have suffered a stroke, or the two days following that. The record further shows that Nurse Worden did not give any medical advice to correctional staff during that time frame. (DE 22, Worden Aff. ¶ 5, Ex. A.) Alspach has failed to show that Nurse Worden was deliberately indifferent to his medical needs, since there is no evidence she even had knowledge of his health problems until three days after the alleged stroke, let alone made any decisions about his care. *See Jackson*, 541 F.3d at 697; *Farnham*, 394 F.3d at 478. By the time she saw him on October 7, 2010, he reported to her that he was no longer experiencing any medical problems, and her examination of him was normal. (DE 22, Worden Aff. ¶ 5, Ex. B.) Based on the record, Alspach has failed to establish an Eighth Amendment violation by Nurse Worden.

For these reasons, the motion for summary judgment (DE 21) is **GRANTED**, and the clerk is **DIRECTED** to enter judgment in favor of the defendant Betsy Worden.

**SO ORDERED** on August 15, 2011.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division